

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,870-01

## EX PARTE DEREK JERMAINE HARRIS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1162180-A IN THE 337TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of manufacture or delivery of a controlled substance and sentenced to 90 days imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because he did not know of the bad acts of the officer who implicated him in this alleged offense. The State and the trial court agree that Applicant's plea was involuntary. *Ex parte Mathews,* 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The State and the trial court both recommend granting relief.

We agree.  Relief is granted.  *Brady v. United States*, 397 U.S. 742 (1970).  The judgment in cause number 1162180 in the 337th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment.  The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 24, 2024
Do not publish